### UNITED STATES v. BIGGERT.

(Circuit Court of Appeals, Eighth Circuit. September 16, 1895.)

#### No. 481.

UNITED STATES GOVERNMENT—MISTAKE IN SETTLING CLAIM—VACATING SATISFACTION OF JUDGMENT.

 The United States recovered a judgment for $5,577 against B. and E. The defendants made an offer to settle the judgment for $1,000 and costs, which was accepted, and the judgment satisfied. Subsequently, the officers of the treasury department discovered that two items of $344 and $434, respectively, were due to B. on the treasury books, and had been allowed before the recovery of the judgment, and retained to await the result of the suit. The United States attorney, by direction of the secretary of the treasury, then moved to set aside the satisfaction of the judgment on the ground that the settlement had been inadvertently made, in ignorance of the claims due to B. Held, that the existence of the indebtedness to B. alone, which was not shown to have any connection with the transactions out of which the judgment arose, was no ground for setting aside the settlement of the judgment against B. and E. jointly.

In Error to the District Court of the United States for the District of Kansas.

On the 9th of October, 1891, the United States recovered a judgment in the United States district court for the district of Kansas, Second division, against William C. Biggert and Neal W. Evans, for the sum of $5,577.50. Subsequently, Biggert and Evans made a proposition to the United States to compromise this judgment by paying into the treasury, in full satisfaction thereof, $1,000 and the costs, which sum was deposited at the time with the secretary of the treasury. The secretary of the treasury, acting under authority conferred on him by section 3469 of the Revised Statutes of the United States, accepted the proposition of compromise, in the following terms:

"Department of Justice,

"Office of the Solicitor of the Treasury.

"Washington, D. C., April 26th, 1892.

"Sir: I have to inform you that the acting secretary of the treasury has accepted the offer of William C. Biggert and Neal W. Evans to pay $1,000 and costs—in all, $1,092.60—in compromise of a judgment for $5,577.50 obtained against them on the 9th of October, last, in a suit brought on the bond

of said Biggert for the recovery of damages claimed by the government by reason of his failure to enter into a contract for delivery of 1,000 tons of hay at Fort Reno during the fiscal year ending June 30, 1888. The amount tendered and costs having already been deposited, you are authorized to cause the judgment in question to be satisfied of record. I will thank you to advise this office of your action in the matter.

"Very respectfully,        F. A. Reeve, Acting Solicitor.
"Joseph W. Ady, Esq., U. S. Attorney, Topeka, Kansas."

In compliance with the instructions of the secretary of the treasury contained in this letter, Mr. Ady, the district attorney for the district of Kansas, entered satisfaction of the judgment as follows:

"United States vs. Neal W. Evans and W. C. Biggert.

"By direction of the secretary of the treasury, the within judgment against the above-named defendants is hereby, and in accordance to the acceptance of the compromise by the honorable secretary of the treasury, fully discharged and canceled, and the same to be held for naught, this 31st day of May, 1892.
"J. W. Ady, United States Attorney,
"By P. L. Soper, Asst. U. S. Attorney."

Afterwards, the secretary of the treasury wrote the following letter to the solicitor of the treasury:

"Treasury Department, Office of the Secretary.

"Washington, D. C., July 6, 1892.

"To the Solicitor of the Treasury—Sir: The department received the letter of the acting solicitor, dated the 2d instant, in reply to the department letter of the 1st instant, relating to the compromise, for $1,000.00 and costs, of the judgment against Wm. C. Biggert for $5,577.50, and the two items of $344.21 and $434.02 found due him by the accounting officers, and still retained in the treasury. The report from your office is that the United States attorney for Kansas was not directed to have those two items credited on said judgment before satisfaction was entered, and also that 'the offer of the defendants was made to compromise the judgment, which was for the full amount claimed by the United States, before any sums were found due to the contractor.' It is found that said judgment for $5,577.50 was recovered October 9, 1891, and that the two items referred to were allowed December 4, 1888 ($344.21), and August 21, 1889 ($434.02). Both these items, therefore, were found to be due to Biggert on transportation account before said judgment was obtained,—the first more than two years and the second nearly two years prior thereto,—and were retained in the treasury, awaiting the result of the suit to recover said $5,577.50. This was done in accordance with the requirement of the act of March 3, 1875 (18 Stat. 481), which prescribes that when 'a claim duly allowed by legal authority shall be presented to the secretary of the treasury for payment, and the claimant therein shall be indebted to the United States in any manner, it shall be the duty of the secretary to withhold payment of an amount of such claim equal to the debt thus due to the United States.' In this case it is obvious that if it had been known to the acting secretary, personally, that the two items in question were due to Biggert, the compromise of said judgment on payment of $1,000 and costs would not have been approved, as the law virtually prohibited the secretary from any such settlement of the case. It was therefore an error to make such a compromise, and as it is a well-known general principle of law that the government must not be made to suffer by the laches of its agents, you are requested to instruct the United States attorney in charge to make a motion for opening the order of the court dismissing the case for the purpose of having a new order entered, directing that the two items mentioned shall be credited on such judgment, in addition to the sum of $1,000.00 offered by way of compromise.

"Respectfully, yours,        Charles Foster, Secretary."

This communication having been referred to the district attorney, with instructions to proceed as therein directed, that officer on the 23d of November, 1892, filed in the district court a motion to set aside the entry of satisfaction

of the judgment, basing the motion on the letter of the secretary of the treasury, which, it was agreed between the parties, might be taken as a statement of the facts of the case, and read as evidence on the hearing of the motion. The district court refused to vacate the entry of satisfaction of the judgment, and the United States thereupon sued out this writ of error.

W. C. Perry, U. S. Atty., filed brief for the United States.

J. R. Hallowell, Thomas C. Wilson, and Montgomery Hallowell filed brief for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

A motion, upon due notice to the judgment defendants, to have the entry of the satisfaction of the judgment canceled and set aside, was an appropriate mode of proceeding to obtain that relief. But clearly, upon the record before us, the United States is not entitled to the relief sought by the motion. It is not averred or proved that the sums standing to the credit of Biggert, one of the judgment defendants, on the treasury books, have any connection with or relation to the transaction out of which the cause of action arose against Biggert and Evans, and upon which the joint judgment against them was rendered. It is not shown that Biggert understood or agreed that the entry of satisfaction of the joint judgment against himself and Evans in consideration of the $1,000 and costs, paid into the treasury by them, should operate as a satisfaction of his individual claims against the government, or that the compromise of the judgment against the two had any relation to Biggert's other and individual transactions and dealings with the government. The government has no occasion to seek relief in this mode. It has the money represented by the credits mentioned in favor of Biggert in its treasury, and can retain it there. If Biggert should sue for these sums, the government can then set up any defenses to the action that it may have. The judgment of the district court is affirmed.