## WILLIAMS v. MILLER.

### (District Court, W. D. Virginia. January 16, 1918.)

1. REMOVAL OF CAUSES ⚖89(1)—TIME FOR FILING PETITION.
    A petition for the removal of a cause from the state to the federal court should regularly be filed on the return day of the writ.

2. REMOVAL OF CAUSES ⚖89(1)—RIGHT OF—TIME FOR FILING PETITION—WAIVER.
    The requirement that a petition for removal should be filed on the return day is in the nature of a limitation and may be waived.

3. JUDGMENT ⚖898(1)—RELEASE—VACATION—AUTHORITY OF LAW COURT.
    A law court has power to set aside a release of its judgment, at least when the judgment creditor, in executing the release, used a scroll by way of a seal.

4. JUDGMENT ⚖823—EFFECT—LIEN.
    A judgment rendered in West Virginia creates no lien on the defendant's property in Virginia, and in order to acquire a lien or the right to execution the judgment creditor must bring an action at law in Virginia on the West Virginia judgment.

5. JURY ⚖12(5)—JURY TRIAL—ACTION ON FOREIGN JUDGMENT.
    In an action on a foreign judgment, the defendant, while estopped to inquire into the merits of the original cause, is entitled to a jury trial on any defense open to him.

6. COURTS ⚖262(3)—FEDERAL COURT—EQUITY JURISDICTION—ATTACHMENT.
    Code Va. 1904, § 2964, providing for the issuance of an attachment on a bill in equity to enforce any claim, legal or equitable, does not extend the equitable jurisdiction of the federal District Court for Virginia, so as to give that tribunal jurisdiction over a suit on a West Virginia judgment wherein attachment under such statute was sought against property of the judgment debtor located in Virginia, for the judgment debtor was entitled to a jury trial on the issues open to him.

7. COURTS ⚖262(2)—EQUITY JURISDICTION—FEDERAL COURT.
    The federal District Court for Virginia may entertain a suit on the equity side to vacate a release of a West Virginia judgment, despite Rev.

---

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

St. § 723 (Comp. St. 1916, § 1244), forbidding suits in equity, where there is a plain, adequate, and complete remedy at law, for the jurisdiction of a law court in setting aside such a release is equitable in its nature, involving a matter as to which no jury trial can be had; hence, as the judgment debtor would not be deprived of any constitutional right to a jury trial, jurisdiction cannot be denied on the ground there was an adequate remedy at law in the West Virginia court.

In Equity. Bill by one Williams, executrix, against R. B. Miller, which was removed from the state court. On motion to dismiss. Motion denied.

The complainant, a citizen of Virginia, filed her bill in equity in the circuit court of Bland county, Va., and thereupon sued out an attachment, which was duly levied on land belonging to the defendant in that county. The defendant, who is a citizen of West Virginia, but who was served with process in Bland county, Va., after some delay, removed the case to this court, and thereupon filed a motion to dismiss. The bill asserts that a judgment at law for something over $5,000 was rendered by the United States District Court for the Southern District of West Virginia in May, 1915, in favor of one Randolph Henry against the defendant, Miller, and that this judgment was assigned by the judgment creditor to the testator of the plaintiff in the suit at bar; that after the death of the plaintiff's testator and her qualification as executrix the plaintiff was induced by the defendant's fraudulent misrepresentations to execute a release of said judgment in consideration of a check for $250, which has not been deposited, and which the plaintiff subsequently offered to return. The relief prayed for is the cancellation of the release, in the execution of which a scroll was used by way of a seal, and the subjection of defendant's land to the plaintiff's original claim.

The attachment was sued out under a Virginia statute (section 2964, Code 1904), which reads in part as follows: "When a person has a claim, legal or equitable, * * * to any debt, * * * or to damages for the breach of any contract, * * * he may, on a bill in equity filed for the purpose, have an attachment to secure and enforce the claim. * * *"

S. W. Williams, of Roanoke, Va., for plaintiff.

Joseph M. Sanders and Russell S. Ritz, both of Bluefield, W. Va., for defendant.

McDOWELL, District Judge (after stating the facts as above). [1, 2] The defendant, Miller, was personally served with process in Bland county on the return day of the writ. The petition for removal, therefore, should regularly have been filed on that day. However, this requirement is in the nature of a limitation and may be waived (Ayers v. Watson, 113 U. S. 594, 598, 599, 11 Sup. Ct. 201, 34 L. Ed. 803), and counsel for plaintiff has expressly waived this objection.

[3] The motion to dismiss is founded on the theory of a want of equity jurisdiction because of an adequate remedy at law. I think there is power in the court which rendered the judgment here in question to set aside the release. 2 Black, Judgments (2d Ed.) § 1016; 2 Freeman, Judgments (4th Ed.) § 478a; 17 Am. & Eng. Ency. (2d Ed.) 871; 23 Cyc. 1500; Jeffries v. Mutual Ins. Co., 110 U. S. 305, 4 Sup. Ct. 8, 28 L. Ed. 156; U. S. v. Biggert, 70 Fed. 38, 16 C. C. A. 616. Such doubt, if any, as there is, arises from the fact that the release here (a scroll having been used) is under seal. The alleged fraud is in the inducement to the execution of the re-

lease. 4 Minor's Insts. (3d Ed.) 792; Taylor v. King, 6 Munf. (Va.) 366, 8 Am. Dec. 746; George v. Tate, 102 U. S. 564, 570, 571, 26 L. Ed. 232; Mease v. Mease, Cowp. 47; Dorr v. Munsell, 13 Johns. (N. Y.) 430. But even in the exercise of the more ordinary jurisdiction of law courts the rule that a law court cannot consider fraud in the inducements to the execution of a sealed contract is open to some doubt. See 34 Cyc. 1069, note, and Wagner v. Nat. Ins. Co., 90 Fed. 395, 33 C. C. A. 121. The reason for the rule was the solemnity of the act of affixing the seal. Where a scroll has been used in executing a release, the reason for the rule has lost much of its force. There is little or no more solemnity in making a scroll than in signing one's name. Moreover, the law court, in setting aside an entry of the satisfaction of a judgment, or a release of such judgment, is exercising an equitable power (Watson v. Reissig, 24 Ill. 281, 76 Am. Dec. 746; Plano Co. v. Thompson, 21 S. D. 300, 112 N. W. 149, 11 L. R. A. [N. S.] 396, 130 Am. St. Rep. 722, 724; Ross v. Hicks, 11 Barb. [N. Y.] 483, 484), and hence would not, I believe, be restrained by a confessedly technical rule unknown to the equity courts.

[4-5] Conceding the power of the law court in West Virginia to cancel the release, there would be no sort of doubt of the jurisdiction of this court of the present case, if this court had an independent equity jurisdiction to grant the ultimate relief here sought— the enforcement of the attachment lien. The power to cancel the release would come from the power to do complete justice. 1 Pom. Eq. § 181; Clarke v. White, 12 Pet. 178, 188, 9 L. Ed. 1046; Kennedy v. Creswell, 101 U. S. 641, 646, 25 L. Ed. 1075; U. S. v. Union Pac. R. Co., 160 U. S. 1, 52, 16 Sup. Ct. 190, 40 L. Ed. 319. However, I am unable to see that this court has an independent power to enforce the lien. Although the plaintiff here is not suing on an unliquidated claim, and occupies somewhat higher ground than that of a simple contract creditor, still she is, as to the ultimate relief asked, presenting a legal demand. A judgment rendered in West Virginia creates no lien on the defendant's property in this state. In order to acquire a right to execution or a judgment lien in this state, the plaintiff would have to bring an action at law in this state on the West Virginia judgment. That judgment in such action would be effective to estop inquiry into the merits of the original cause of action, but the defendant would be entitled to a jury trial on any defense open to him. In other words, aside from the prayer to cancel the release, the plaintiff has none but a legal demand against the defendant. The state statute (section 2964, Code Va.) creates a lien, contemporaneous with the institution of the suit, such as was unknown to the ancient equity courts. It cannot (independent of some other equity) give a federal equity court jurisdiction, as the defendant would be deprived of his constitutional right to a jury trial. Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 977, 37 L. Ed. 804; Hollins v. Brierfield, 150 U. S. 371, 14 Sup. Ct. 127, 37 L. Ed. 1113. It follows that this court has not jurisdiction to enforce the lien, unless it has an independent right to cancel the release.

[7] At least in the state courts it seems that it is generally held that there is equity jurisdiction to cancel a fraudulently obtained release of a judgment. 19 Ency. Pl. & Pr. 140; 2 Freeman Judgments (4th Ed.) § 478a; 34 Cyc. 1070. I have not encountered any federal case bearing directly on this question. By force of section 723, Rev. Stats. (Comp. St. 1916, § 1244), forbidding suits in equity where there is a plain, adequate, and complete remedy at law, the federal courts are required to decline equity jurisdiction in many cases where it would be maintained in some of the state courts. Unfortunately the books at my command do not enable me to ascertain the period at which the power of the law courts to set aside releases of judgments for fraud, duress, or mistake came into existence. I am likewise for the same reason unable to ascertain how ancient is the equity jurisdiction; but I can think of no very strong reason why the undoubtedly ancient equity jurisdiction to cancel contracts for fraud, etc., should not have included cancellation of releases of judgments. In the absence of the historical information which might furnish an easy solution of the present question, I think it advisable to assume that the power of the law courts became established prior to 1789. The question thus presented is not free from difficulty. The relief of canceling a contract induced by fraud is equitable in nature. But if the law courts, since ancient times, have had the power to afford this relief, there is some ground for arguing that section 723 forbids such jurisdiction to the federal equity courts. However, the most satisfactory solution of the question seems to me to be that the statute was not intended to apply to a case such as we have here. In setting aside a fraudulent release of its own judgment, the law court is, as has been said, exercising an equitable power. The relief is usually granted on motion. A jury could not be demanded as of right on such a trial. 1 Freeman, Executions (3d Ed.) § 54; 3 Freeman, Executions (3d Ed.) § 361, p. 2048; Wilson v. Stilwell, 14 Ohio St. 464, 468; Laughlin v. Fairbanks, 8 Mo. 367, 370; Anderson v. Carlisle, 7 How. (Miss.) 408; Morton v. Walker, 7 How. (Miss.) 554; Union Pass. R. Co. v. Syas, 246 Fed. 561, —— C. C. A. ——.

There are many powers of the law courts which have been immemorially exercised without the aid of a jury. Trials on habeas corpus, contempt, mandamus, and prohibition are such. The equitable powers of law courts over their own judgments, illustrated by orders in respect to the execution of writs of possession, are also, as I believe, always exercised without a jury. The power that the law court has to set aside a fraudulent release of its judgment is founded on its control of its own records, or control of its own processes. Because, in exercising this power, it administers a relief which is equitable in its nature, it seems to me to follow that no jury trial of the issue could be required. If the court were to lay such issue before a jury, the verdict (as on an issue out of chancery) would be advisory only. I do not contend, of course, that an issue as to the validity of a release of a judgment (especially if not under seal) might not be so presented in a court of law as to raise an issue properly to be tried by a

jury. If an action at law be brought on the judgment, and the defendant pleads the release, a replication setting up fraud in procuring the release would present such an issue. But the right of the plaintiff at bar in the law court in West Virginia would be presented by motion, and would, as I believe, be properly tried by the court without a jury. If I am right in so thinking, section 723 does not seem to present any obstacle to the jurisdiction here. The most important and fundamental object of the statute was to prevent the equity courts from depriving a party of his constitutional right to a jury trial. As no right of jury trial would be here destroyed, and as the relief to be had in the law court is equitable, it would seem that the statute would be strained in holding it to apply here. It savors too much of technicality and mere literalness to hold that a plaintiff in equity must be sent to a law court to secure equitable relief. Such unnecessary circuity of action, delay, and expense for no legitimate purpose could hardly have been intended.

Moreover, we have not here a case in which the remedy at law can be afforded by any law court having jurisdiction of the person or property of the releasee. There is only one law court that can cancel the release here in question. This fact, coupled with the further fact that that particular law court is in another jurisdiction, would seem to give some further weight to the assertion that the remedy at law here is not such as is within the intent of the statute. At any rate the remedy at law in this case does not seem to be as adequate as the remedy in equity; and the facts in each case must determine the question as to the adequacy of the remedy at law.

I should, perhaps, say further that the objection that the bill does not allege that the plaintiff has exhausted her recourse against the defendant's personal property does not strike me as being sound. So long as the release stands uncanceled, she has no right to an execution. And again, if this court has jurisdiction to cancel the release, its further jurisdiction to do complete justice and enforce the attachment lien is not affected by adequacy of a remedy at law in this respect. Purely legal remedies are enforced in equity, in order to do complete justice, if there is also a right to grant equitable relief. This ground for dismissal was perhaps suggested by an erroneous belief that the plaintiff is here seeking to enforce a judgment lien. She has no judgment lien. She has a statutory lien of attachment only. If this court has an independent right to cancel the release, it has the further right to enforce this lien, and I cannot see that the existence of some other remedy at law, if it existed, could destroy this right.