ROSS et al. v. MILLER.

(Circuit Court of Appeals, Fourth Circuit. July 2, 1918.)

No. 1617.

1. COURTS ⬥264(2)—FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—"ANCILLARY SUIT."

Suit to cancel, as procured by fraud, a release of judgment, and to subject an equity in land to payment of the judgment, is ancillary and supplemental to the suit in which the judgment was recovered, and so, without regard to the citizenship of the parties, may be maintained in a federal court where the judgment was recovered.

[Ed. Note.—For other definitions, see Words and Phrases, Ancillary Suit.]

2. ABATEMENT AND REVIVAL ⬥8(8)—PENDENCY OF OTHER SUIT—IDENTITY OF SUBJECT-MATTER.

Suit to cancel release of judgment and subject land to payment of the judgment will not be dismissed because of pendency of other suit differing only as to the land; the subject-matter, because of such difference, not being the same.

3. EQUITY ⬥148(3)—MULTIFARIOUSNESS.

Bill to cancel release of judgment and to subject equity in land to payment of the judgment is not multifarious; the cancellation being but incident to the real purpose of the litigation.

Appeal from the District Court of the United States for the Southern District of West Virginia, at Bluefield; Benjamin F. Keller, Judge.

Suit by William E. Ross, administrator of R. R. Henry, deceased, and others, against R. B. Miller. From a decree of dismissal, plaintiffs appeal. Reversed and remanded.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

James S. Kahle and Samuel W. Williams, both of Bluefield, W. Va., for appellants,

John Kee and Russel S. Ritz, both of Bluefield, W. Va. (Joseph M. Sanders, of Bluefield, W. Va., on the brief), for appellee.

Before KNAPP and WOODS, Circuit Judges, and SMITH, District Judge.

KNAPP, Circuit Judge. The above-named appellants were plaintiffs below, and will be so designated in this opinion; the appellee will be referred to as defendant. These facts appear:

On May 8, 1915, in the District Court of the United States for the Southern District of West Virginia, at Bluefield, one Randolph Henry recovered judgment against the defendant, R. D. Miller, for $5,165 and costs, which judgment he assigned on the same day to R. R. Henry, then and until his death in the following October a citizen of Tazewell county, in the state of Virginia. In July, 1915, execution was issued on this judgment for the benefit of the assignee, and the sum of $167.80 collected as of November 20th of that year; the balance remains unpaid.

The will of R. R. Henry appointed as executrix his daughter, Lucy Henry Walker, at that time a widow residing in the city of Washington, and she qualified as such when the will was admitted to probate in Tazewell county shortly after the testator's death. By the terms of the will the judgment in question became a part of the residuary estate. On June 23, 1917, Mrs. Walker was married to Samuel W. Williams, of Wytheville, Va., and her residence thereupon became the residence of her husband. Just before the marriage, and on the same day, she executed a release of the judgment, for the recited consideration of $250, which release was recorded soon afterwards in the clerk's office of the court in which the judgment was rendered.

On the 24th of July, 1917, Mrs. Williams, as executrix of R. R. Henry, filed a bill in equity in the circuit court of Bland county, Va., against R. D. Miller and Randolph Henry, assignor of the judgment, to set aside the release executed by her, on the ground that it had been procured by fraud, and to subject to the payment of the judgment certain tracts of land in that county which Miller had acquired. On his petition, showing that he was a nonresident of the state, the cause was removed to the District Court of the United States for the Western District of Virginia, where it remains pending and undetermined.

Then, on August 25, 1917, the plaintiffs brought this suit, in the court in which the judgment against Miller was originally recovered, to set aside the release given by Mrs. Williams, on the ground that it had been procured by fraud, and to subject to the payment of the judgment the equity of Miller in certain real estate in Mercer county, W. Va., which had been purchased by him some two months before, and on which he had paid at the time the sum of $5,000; the balance being secured by a deed of trust on the property. It appears from the bill of complaint that the plaintiff Ross is a citizen and resident of Mercer county, in the state of West Virginia, and the duly appointed administrator in that state of the estate of R. R. Henry, deceased; that the

plaintiff Lucy Henry Williams is a citizen and resident of the state of Virginia, and by due appointment under the laws of that state the executrix of the last will and testament of R. R. Henry, deceased; and that the plaintiff Randolph Henry is likewise a citizen and resident of the state of Virginia. All the defendants are stated to be citizens and residents of Mercer county, in the state of West Virginia.

The answer of defendant Miller on the merits is an explicit and detailed denial of any fraud or misrepresentation in obtaining the release. He also sets up in defense the pendency of the suit brought by the executrix in the circuit court of Bland county, Va., as above stated, makes the plaintiff's bill in that case a part of his answer, recites its removal to the federal court on his petition, alleges that the parties and cause of action are the same in both suits, and accordingly asks that this suit "be abated and dismissed." The answer of defendant Ritz, from whom Miller bought the real estate in question, admits the sale of the property and the receipt of $5,000 on account of the purchase price, denies that any further payment has been made or become due, and asks that his interest be protected. It does not appear that defendant Pollock, the trustee named in the deed of trust, has filed an answer.

Upon these pleadings Miller moved to dismiss the bill of complaint (1) for want of equity, and (2) for want of jurisdiction, because no federal question is involved and the requisite diversity of citizenship is lacking. Other grounds were stated in the motion; but, as they were virtually abandoned at the argument, any mention of them may be omitted. The court below sustained the motion and dismissed the bill, though whether upon one or both the grounds specified is only inferable from the record. The plaintiffs thereupon moved the court to suspend its decision and retain the cause on the docket until the decision of the case removed to and pending in the Western district of Virginia; but the motion was overruled. Their further motion to strike out the names of William E. Ross, administrator, and Randolph Henry, as plaintiffs, and to make them both defendants, was also overruled.

[1] Upon consideration of these facts, we are of opinion that the court below was not deprived of jurisdiction by the circumstance that one of the plaintiffs is a citizen of the same state as the defendants. It has long been settled that a suit which is ancillary and supplemental to an original suit may be maintained in a federal court, without regard to the citizenship of the parties. Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; Minnesota Co. v. St. Paul Co., 2 Wall. 609, 633, 17 L. Ed. 886; Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145; Pacific R. R. of Mo. v. Missouri Pacific Ry., 111 U. S. 505, 4 Sup. Ct. 583, 28 L. Ed. 498; Johnson v. Christian, 125 U. S. 642, 8 Sup. Ct. 989, 1135, 31 L. Ed. 820; Root v. Woolworth, 150 U. S. 401, 14 Sup. Ct. 136, 37 L. Ed. 1123. In Wayman v. Southard, 10 Wheat. 1, 6 L. Ed. 253, Chief Justice Marshall said:

"The jurisdiction of a court is not exhausted by the rendition of its judgment, but continues until that judgment shall be satisfied."

And Mr. Justice Clifford, in Riggs v. Johnson County, 6 Wall. (73 U. S.) 166, 18 L. Ed. 768, upholding a mandamus to levy a tax for the payment of a judgment, says:

"Process subsequent to judgment is as essential to jurisdiction as process antecedent to judgment; else the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution."

The definition in the cited cases of a dependent and supplementary suit seems clearly to cover the instant case, and therefore to place it in the class of which federal courts have jurisdiction, irrespective of the citizenship of the parties; for, if an equity suit can be maintained in a federal court, without diversity of citizenship, to restrain or set aside a judgment at law in that court, because the equity suit is ancillary and supplemental, as the Supreme Court distinctly holds in Krippendorf v. Hyde, supra, it would appear to follow as a matter of course that an equity suit is likewise maintainable to enforce the payment of such a judgment, although it happens, as in this case, that one of the plaintiffs and all the defendants are citizens of the same state. The principle upon which the decisions referred to are based is, as we conceive, that a federal court, by virtue of its jurisdiction to render the original judgment, has also full jurisdiction of any appropriate proceeding for the collection of that judgment, whatever may be the residence of the interested parties.

Nor, in our judgment, is the principle any the less applicable to the suit at bar because it seeks to cancel the release as well as to enforce the judgment. The subordinate character of the suit is fixed by its primary purpose, which is to subject the equity of Miller in certain real estate to the payment of the original judgment recovered against him in the same court, and it does not lose the status of a dependent and ancillary suit by the circumstance that, as incident to its ultimate and principal object, the cancellation is sought of a release alleged to have been obtained by fraud. In other words, the supplementary nature of the suit is not changed or affected by the needed removal of an obstacle to its prosecution. The conclusion is therefore reached that the court below had jurisdiction to hear and decide the cause.

[2] We are also of opinion that the dismissal of plaintiffs' bill cannot be sustained by the pendency of a similar suit, previously brought, in the state of Virginia. Treating that suit as though begun in the federal court to which it has been removed, and granting, as defendant argues, that federal courts of different districts are not foreign to each other, the conclusive answer to his contention nevertheless is that the subject-matter of the two suits is not the same. True, both of them seek to set aside the same release and to enforce the same judgment; but the lands sought to be charged in one case are in Virginia, while in the other the lands sought to be charged are in West Virginia. As above held, the cancellation of the release is only an incident to the main purpose of the suits, namely, the collection of the judgment against Miller, and we are not aware of any legal objection to concurrent suits for that purpose in different jurisdictions, whether federal or state, where the defendant has property that can be reached. Such suits have the same parties, to be sure, and are based on the same judgment; but they differ in subject-matter because each is concerned with a separate piece of property. Of course, there can be but one satis-

faction, for there is only one judgment to be enforced. Whatever, therefore, may be realized in the suit first concluded must be credited in the suit that remains pending; and there is ample authority to protect against double recovery. Moreover, it is not here questioned that the court below has full discretion to stay the prosecution of this suit, or postpone its trial, to await the outcome of the prior Virginia suit. All we have occasion now to decide is that both can be maintained at the same time, though brought for the same ultimate purpose, and that the pendency of the first is not adequate ground for dismissing the second.

[3] If, as we hold, the cancellation of the release be but incident to the real purpose of the litigation, it is obvious that the bill is not multifarious, and that contention needs no further answer. Of the merits it is enough to say that the bill makes out a prima facie case, and that no sufficient reason appears for denying a trial of the issues. The decree of dismissal must accordingly be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes