## MILLER v. WILLIAMS.

(Circuit Court of Appeals, Fourth Circuit. April 1, 1919.)

### No. 1667.

1. JUDGMENT ⟨⟩472—JUDGMENT OF FEDERAL COURT—COLLATERAL ATTACK.

A judgment of a federal District Court having jurisdiction of the subject-matter, the parties thereto being in fact citizens of different states, which has not been challenged by appeal or writ of error, is binding upon the parties and their privies until reversed or otherwise set aside, and is not open to collateral attack.

2. REMOVAL OF CAUSES ⟨⟩116—FEDERAL COURT—EQUITY JURISDICTION—CANCELLATION OF RELEASE—ATTACHMENT.

Where a judgment at law, rendered by the federal District Court in West Virginia, was assigned to plaintiff's testator, and by plaintiff released through fraudulent misrepresentations, the release may be canceled in a suit brought in the state court of Virginia, sitting as a court of equity, and real estate may be attached to satisfy the judgment, and removal of such suit for cancellation and enforcement to the federal court by defendant therein does not deprive plaintiff of her rights, under Code Va. 1904, § 2964, providing that, when a person has a claim, legal or equitable, exceeding $20, he may have a bill in equity for an attachment to secure and enforce it.

3. JURY ⟨⟩16(1)—RIGHT TO JURY TRIAL—CANCELLATION OF FRAUDULENT RELEASE OF JUDGMENT.

In setting aside a fraudulent release of its own judgment, a law court is exercising equitable power, founded on its control of its own records or of its own processes, and a jury trial may not be demanded as of right.

Appeal from the District Court of the United States for the Western District of Virginia, at Roanoke; Henry Clay McDowell, Judge.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Bill by Lucy Henry Williams, executrix of the estate of R. R. Henry, deceased, against R. B. Miller, which was removed from the state court. Decree for plaintiff, and defendant appeals. Affirmed.

John Kee, of Bluefield, W. Va. (Joseph M. Sanders and Russell S. Ritz, both of Bluefield, W. Va., on the brief), for appellant.

James S. Kahle, of Bluefield, W. Va., and S. W. Williams, of Roanoke, Va. (William E. Ross, of Bluefield, W. Va., on the brief), for appellee.

Before PRITCHARD and KNAPP, Circuit Judges, and CONNOR, District Judge.

KNAPP, Circuit Judge. The facts which gave rise to this litigation are set forth in our opinion in the kindred case of Ross v. Miller, 252 Fed. 697, 164 C. C. A. 537, and need not be repeated. This is the equity action therein mentioned as begun in the circuit court of Bland county, Va., in July, 1917, and removed by defendant, because of nonresidence, to the United States District Court for the Western District of Virginia. The suit was brought to subject certain real estate of defendant to the payment of a judgment recovered against him in 1915, in the United States District Court for the Southern District of West Virginia, and to cancel a release of that judgment on the ground that it had been procured by fraud. The real estate in question was attached, under provisions of the Virginia Code, when the suit was commenced in the state court. After removal to the court below, the defendant moved to dismiss the bill for want of equity, and because "this court has no jurisdiction to set aside a release and discharge entered of record of the judgment of another court." The motion was denied (249 Fed. 495), the case tried, and a decree entered substantially as prayed for by the plaintiff. Defendant appeals.

[1] 1. It is argued that the judgment sought to be enforced is void, for the reason that the pleadings in the suit in which it was recovered do not show the requisite diversity of citizenship to give the court jurisdiction. The contention must be rejected. There is no question that the court had jurisdiction of the subject-matter, or that the parties were in fact citizens of different states, and the judgment has not been challenged by appeal or writ of error. It has long been settled that such a judgment is binding upon the parties and their privies until reversed or otherwise set aside, and therefore not open to collateral attack. Skillern's Executors v. May's Executors, 6 Cranch, 267, 3 L. Ed. 220; McCormick v. Sullivant, 10 Wheat. 192, 6 L. Ed. 300; Des Moines Nav. Co. v. Iowa Homestead Co., 123 U. S. 552, 8 Sup. Ct. 217, 31 L. Ed. 202.

[2] 2. It is also argued that the release could be canceled only by the court which rendered the judgment, and therefore the court below was without authority to decree its cancellation. The argument is not convincing. As above stated, the plaintiff filed a bill in equity in the state court and attached the real estate of the nonresident defendant, which was within the jurisdiction of that court, under the

provisions of section 2964 of the Code of Virginia, which reads as follows:

"When a person has a claim, legal. or equitable, to any specific personal property, or a like claim to any debt, whether such debt be payable or not, * * * if such claim exceed the sum of twenty dollars, exclusive of interest, he may, on a bill in equity filed for the purpose, have an attachment to secure and enforce the claim," etc.

Even on defendant's theory that there was no judgment against him when the suit was commenced, because plaintiff had released it, manifestly she had a claim against him for the amount of the judgment, and the Virginia statute in express terms gave her a right of action in equity to enforce that claim. The property of defendant was seized by attachment, as the statute provides, and he was personally served with process in that state. It follows that the state court, sitting as a court of equity, had full jurisdiction to grant the relief sought by plaintiff, if the proofs sustained her contention, and to that end could set aside the release and order a sale of the attached real estate to satisfy the judgment. This was the right of plaintiff in the court in which her suit was brought, and the defendant should not be permitted to take away that right by removing the case to a federal court and there setting up the plea that the cause of action stated in the bill was not cognizable by a federal court of equity. It seems but reasonable to hold that on this ground the motion to dismiss was properly denied.

[3] As to the inherent and independent power of the court below to cancel the release in question, we are satisfied to adopt the views expressed by the learned trial judge in his opinion (249 Fed. 495) as follows:

"In setting aside a fraudulent release of its own judgment, the law court is, as has been said, exercising an equitable power. The relief is usually granted on motion. A jury could not be demanded as of right on such a trial. 1 Freeman on Executions (3d Ed.) § 54; 3 Freeman, § 361, p. 2048; Wilson v. Stilwell, 14 Ohio St. 464, 468; Laughlin v. Fairbanks, 8 Mo. 367, 370; Anderson v. Carlisle, 7 How. (Miss.) 408; Morton v. Walker, 7 How. (Miss.) 554; Union Pacific R. Co. v. Syas, 246 Fed. 561, 158 C. C. A. 531. There are many powers of the law courts which have been immemorially exercised without the aid of a jury. Trials on habeas corpus, contempt, mandamus, and prohibition are such. The equitable powers of law courts over their own judgments, illustrated by orders in respect to the execution of writs of possession, are also, as I believe, always exercised without a jury. The power that the law court has to set aside a fraudulent release of its judgment is founded on its control of its own records, or control of its own processes. Because in exercising this power it administers a relief which is equitable in nature, it seems to me to follow that no jury trial of the issue could be required. If the court were to lay such issue before a jury the verdict (as on an issue out of chancery) would be advisory only. I do not contend, of course, that an issue as to the validity of a release of a judgment (especially if not under seal) might not be so presented in a court of law as to raise an issue properly to be tried by a jury. If an action at law be brought on the judgment, and the defendant pleads the release, a replication setting up fraud in procuring the release would present such an issue. But the right of the plaintiff at bar in the law court in West Virginia would be presented by motion, and would, as I believe, be properly tried by the court without a jury. If I am right in so thinking, section 723 [Rev. St. (Comp. St. § 1244)] does not seem to present any obstacle to the jurisdiction here. The most important and fundamental object of the statute was to prevent the equity courts from depriving a party

of his constitutional right to a jury trial. As no right of jury trial would be here destroyed, and as the relief to be had in the law court is equitable, it would seem that the statute would be strained in holding it to apply here. It savors too much of technicality and mere literalness to hold that a plaintiff in equity must be sent to a law court to secure equitable relief. Such unnecessary circuity of action, delay, and expense for no legitimate purpose could hardly have been intended.

"Moreover, we have not here a case in which the remedy at law can be afforded by any law court having jurisdiction of the person or property of the releasee. There is only one law court that can cancel the release here in question. This fact, coupled with the further fact that that particular law court is in another jurisdiction, would seem to give some further weight to the assertion that the remedy at law here is not such as is within the intent of the statute. At any rate the remedy at law in this case does not seem to be as adequate as the remedy in equity; and the facts in each case must determine the question as to the adequacy of the remedy at law. * * *

"And again, if this court has jurisdiction to cancel the release, its further jurisdiction to do complete justice and enforce the attachment lien is not affected by adequacy of a remedy at law in this respect. Purely legal remedies are enforced in equity, in order to do complete justice, if there is also a right to grant equitable relief. This ground for dismissal was perhaps suggested by an erroneous belief that the plaintiff is here seeking to enforce a judgment lien. She has no judgment lien. She has a statutory lien of attachment only. If this court has an independent right to cancel the release, it has the further right to enforce this lien, and I cannot see that the existence of some other remedy at law, if it existed, could destroy this right."

3. On the merits it is enough to say that there was ample evidence to support the finding of the trial court to the effect that the release was procured by fraud, and the conclusion therefore follows that the decree should be affirmed.