## GREAT SOUTHERN LIFE INS. CO. v. BURWELL.

(Circuit Court of Appeals, Fifth Circuit. March 1, 1926.)

No. 4585.

**1. Action ⬅⟿69—Suit for cancellation of policy need not be tried before action on policy involving identical questions.**

If the identical questions are presented by the answer in an action on life insurance policies that are made the basis of a pending bill in equity in the same court for cancellation of the policies, the court is not required to first hear the equity suit, but may try such questions in the law action.

**2. Insurance ⬅⟿125(3)—Policies governed by laws of state where made and delivered by foreign company, despite provision for construction under other laws.**

Life policies solicited in a state by a foreign company licensed to do business therein, and delivered to a resident of that state, are governed by its laws, though they contain a provision that they shall be construed under the laws of the company's domicile.

**3. Courts ⬅⟿363—Law of state where insurance contract is made, denying right to rely on application unless delivered, held an essential part thereof, and applicable in federal court (Hemingway's Code Miss. § 5141 [Code Miss. 1906, § 2675]).**

Hemingway's Code Miss. § 5141 (Code Miss. 1906, § 2675), providing that all life insurance companies doing business in the state shall deliver to the insured with the policy a copy of his application, and that in default thereof the company shall not be permitted in any court of the state to deny that any of the statements in the application are true, as construed by the Supreme Court of the state, is a rule of substantive law, inhering in the contract, and not merely a rule of evidence, and as such applies to actions in the federal courts within the state.

**4. Removal of causes ⬅⟿95—Removal cannot deprive litigant of substantial rights.**

A litigant cannot be deprived of any substantial rights by removal of the cause from a state court into a federal court.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action at law by S. L. Burwell, administrator of the estate of John Emmet Cunningham, deceased, against the Great Southern Life Insurance Company. Judgment for plaintiff, and defendant bring error. Affirmed.

Certiorari denied 46 S. Ct. 633, 70 L. Ed. ——.

R. H. Thompson, of Jackson, Miss., and W. A. Vinson and Fred R. Switzer, both of Houston, Tex., for plaintiff in error.

J. F. Barbour, of Yazoo City, Miss., and A. M. Pepper, of Lexington, Miss. (Booth & Pepper, of Lexington, Miss., and Barbour & Henry, of Yazoo City, Miss., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case it appears that plaintiff in error, hereafter referred to as the insurance company, a Texas corporation, issued two policies of insurance on the life of John Emmet Cunningham, each for $5,000. The policies were dated September 30, 1923, and contained a provision making them incontestable from two years after the date of issue, except for nonpayment of premiums, etc. The application of the insured contained this clause: "This application and the policy which may be issued thereon is to be construed under and by virtue of the laws of the state of Texas."

The insured died July 23, 1924, less than a year after the issuance of the policies, and within the contestable period. Thereafter the insurance company filed a bill in equity in the District Court, seeking to cancel the policies on the ground that the insured was guilty of fraud in making false answers to material questions in the application. No hearing was had on the bill, and in October, 1924, within the contestable period, suit was brought by defendant in error, administrator of the estate of the insured, hereafter called the administrator, in the circuit court of Holmes county, Miss., to collect on the policies.

The insurance company removed the suit from the state court to the District Court, and thereafter filed pleas to the declaration, in which it set up the pendency of the suit in equity to cancel the policies, and prayed that the suit at law be stayed until after the determination of that suit, and also set up the fraud of the insured in untruthfully answering material questions in the application. The administrator filed a demurrer to defendant's plea, based on the pendency of the suit in equity, which was sustained, and filed replications to the other pleas, relying on a statute of the state of Mississippi, which is as follows:

"All life insurance companies doing business in the state of Mississippi shall deliver to the insured with the policy, certificate or contract of insurance in any form a copy of the insured's application, and in default thereof said life insurance company shall not be permitted in any court of this state to deny that any of the statements in said ap-

plication are true." Section 5141, Hemingway's Mississippi Code (Code 1906, § 2675).

The insurance company filed demurrers to these replications, and a hearing was had. The District Court overruled the demurrers to the replications, defendant declined to plead further, and judgment was entered for the administrator for the full value of both policies, $10,000, with interest. To reverse that judgment this writ of error is prosecuted.

The questions presented are interesting and somewhat complicated. We have been greatly facilitated in considering them by the able arguments and exhaustive briefs of counsel for both parties.

[1] It is the contention of the insurance company that the suit in equity should have been first determined by the District Court, before taking up the suit at law on the policies. Undoubtedly the insurance company had the right to file such a suit, but the bill and other pleadings, if there be such, in that suit, are not in the record. It might be said that that question is not before us; however, we assume that the same cause of action was presented as is relied on by the insurance company to defeat recovery on the policies. The District Court could take notice of the suit in equity, and, if the identical questions were presented in the suit at law, there was no necessity to first try the suit in equity, and it might be considered as moot.

[2] The insurance company contends that, as the statute of Mississippi provides that a suit may not be maintained in a court of the state, it has no application to the federal courts; and, further, because of the provision in the application that the policy is to be construed under the laws of Texas, which do not require a copy of the application to be furnished to the insured, the provision of the Mississippi statute has no application to the policies at all. These propositions may be considered together.

The insurance was solicited and the policy delivered in the state of Mississippi, and the insurance company is licensed to do business in that state; in fact, it is conceded that the policies are Mississippi contracts. Such being the case, it is settled that the policies are governed by the law of Mississippi, notwithstanding the agreement of the parties that they be construed under the law of Texas. New York Life Ins. Co. v. Cravens, 20 S. Ct. 962, 178 U. S. 389, 44 L. Ed. 1116.

[3] The Supreme Court of Mississippi, in the case of Sovereign Camp, W. O. W., v. Farmer, 77 So. 655, 116 Miss. 626, a case practically the same in its facts as this one, held that the section above quoted was a rule of substantive law, and not a rule of evidence, and gave full effect to its provisions. We agree with the interpretation of the statute by the Supreme Court of Mississippi, but we would be bound to follow it in any event, as the state undoubtedly had the right to adopt the law. It applies to all insurance companies, both foreign and domestic, equally, is a rule of property, and does not infringe any of the insurance company's constitutional rights. Hancock Mut. Life Ins. Co. v. Warren, 21 S. Ct. 535, 181 U. S. 73, 45 L. Ed. 755.

[4] It must be remembered that this suit was instituted originally in the state court. Citation of authority is hardly required to show that a litigant cannot be deprived of any substantial rights by removal to the federal court; however, the following cases are in point: Miller v. Williams, 258 F. 216, 169 C. C. A. 284; Texas & Pac. Ry. Co. v. Humble, 21 S. Ct. 526, 181 U. S. 57, 45 L. Ed. 747. Aside from that, we think the words of the statute, "in any court of this state," are a mere matter of form. The statute would be clear and comprehensive without their inclusion, and federal courts would have to give effect to it in all cases where it would apply. In passing it may be noted that the Supreme Court has frequently held that the courts of the United States are courts of the state in which they sit for the purpose of the application of local statutes. See Metcalf v. Watertown, 14 S. Ct. 947, 153 U. S. 671, 38 L. Ed. 861.

It is, of course, admitted that the insurance company did not furnish the insured with a copy of the application. We find no error in the record.

Affirmed.