FINNEY v. CONTINENTAL BAKING & MILLING CORPORATION (FINNEY BAKING CO).

(District Court, D. Indiana, South Bend Division. January 12, 1927.)

1. Removal of causes ⬯112—Removal by defendant of suit by simple contract creditor for appointment of receiver held waiver of objection, and to give federal court jurisdiction.

While a federal court will not take jurisdiction of a suit by a simple contract creditor for appointment of a receiver, if objection is made, objection may be waived, and removal by defendant of such a suit from a state court, which has appointed a receiver, is a waiver, and the federal court has jurisdiction.

2. Removal of causes ⬯114—On removal of cause, receiver appointed by state court remains in possession until removed by federal court.

Receiver appointed by state court in suit afterward removed remains in possession until removed by federal court and may be required to report to that court.

In Equity. Suit by Charles M. Finney against the Continental Baking & Milling Corporation (Finney Baking Company). On motion to remand to state court. Denied.

Mahoney, Fansler & Douglass, of Logansport, Ind., for plaintiff.

B. F. Long, of Logansport, Ind., and Samuel B. Pettengill, of South Bend, Ind., for defendant.

SLICK, District Judge. Plaintiff filed his complaint in the Cass circuit court of the state of Indiana, November 9, 1926, and summons was issued against defendants, returnable November 20th. On November 16th, four days prior to the return day, defendant Continental Baking & Milling Corporation filed its petition to remove the cause to the federal court, setting up the fact, which is conceded, that the Continental Baking & Milling Corporation and the Finney Baking Company are one and the same corporation; the name of the Continental Baking & Milling Corporation having been changed to that of Finney Baking Company.

Plaintiff is a citizen and resident of the state of Indiana, and the defendant is a citizen, resident corporation, organized under the laws of the state of Delaware, with its principal place of business in the state of Delaware.

Plaintiff in his complaint charges that defendant is indebted to him in the sum of $18,-000, which sum is long past due and fully unpaid. Plaintiff further alleges that the defendant, through its president, is so managing and conducting its business, by dissipating its assets and accumulating indebtedness, real and pretended, that, unless a receiver is appointed, its property will be entirely lost, and prays for judgment in the sum of $18,-000, and that a receiver be appointed, without notice, to take charge of all the assets of the defendant and operate said property as a going concern.

The Code of the state of Indiana permits the joining of actions at law and in equity, and abolishes all distinctions in pleading and practice between actions at law and suits in equity. Immediately upon the filing of the complaint, the state court appointed a receiver, who qualified, and who is now in charge of defendant's property. When defendant filed its petition for removal, the state court entered a finding that the bond tendered and filed by defendant is good and sufficient, but that the petition does not show a proper legal cause for the removal of the action to the District Court and the same was denied. Transcript was then filed in this court, which amounts in effect to removal.

[1] Plaintiff moves to remand the cause of action, for the alleged reason that this court is without jurisdiction to hear and determine the same. He argues that, the plaintiff being a simple contract creditor, who has not reduced his claim to judgment, but brings suit on account, joining with it an application for the appointment of a receiver pendente lite, a federal court has no jurisdiction, and relies on the well-established rule that, if a case could not have been brought in the federal court in the first instance, it cannot be removed.

The authorities do hold that the federal courts *upon objection* will not take jurisdiction of a suit for the appointment of a receiver by a mere creditor, who has no lien against the property to be administered by the receiver, and who has not reduced his claim to judgment. But it is equally well settled that this is an objection that may be waived. In re Metropolitan Ry. Receivers, 208 U. S. 90, 28 S. Ct. 219, 52 L. Ed. 403. At page 109 of 208 U. S. (28 S. Ct. 224) supra, Mr. Justice Peckham said: "That the complainant has not exhausted its remedy at law—for example, not having obtained any judgment or issued any execution thereon—is a defense in an equity suit which may be waived, * * * and when waived the case stands as though the objection never existed."

The receiver was appointed by the Cass circuit court without notice. Defendant, before it was required to appear, petitioned for removal. No effort has been made to discharge the receiver. In bringing the case to this court, defendant must and should be

deemed to have waived any right to object to the jurisdiction of this court for any purpose in the case.

Plaintiff relies upon two cases, Scott v. Neely, 140 U. S. 106, 11 S. Ct. 712, 35 L. Ed. 358, and Cates et al. v. Allen, 149 U. S. 451, 13 S. Ct. 883, 977, 37 L. Ed. 804. But these cases, when studied, are readily distinguishable from the case at bar. In Scott v. Neely suit was brought, in the first instance, in the federal court, on the equity side, to subject to the payment of a debt, alleged to be due and owing, certain property owned by defendant, and the Supreme Court held that this could not be done, for the reason that, in all cases where a court of equity interferes to aid the enforcement of a legal remedy, there must be a-debt established by judgment or accompanied by a right or interest in the property of a specific nature. But it should be noted that this suit was brought originally in the federal court, and defendant not only did not waive, but challenged, the jurisdiction.

The case of Cates et al. v. Allen was a removal case, and complainants were simple contract creditors, who had not reduced their claims to judgment, and thus had no standing in the federal court. The suit was originally brought in a state court, but was removed to the federal court on application of the plaintiffs or complainants under the act of 1875 (18 Stat. 470). This could not be done under the removal statute now in force, which permits only defendants to petition for removal. In other words, plaintiffs brought a suit in the state court, which they would 'not have been permitted to bring in the federal court, and then plaintiffs caused the case to be removed to the federal court. Defendants again, not only did not waive, but challenged.

In McGraw v. Mott, 179 F. page 646, District Judge Connor, sitting as judge of the Circuit Court of Appeals for the Fourth Circuit, said: "Conceding that, generally, a court of equity will not take jurisdiction of a bill to subject property to the claims of creditors through the medium of a receiver, unless the debt of the complainant has been reduced to judgment, it is by no means clear that this objection may not be waived; the defendant assenting to the jurisdiction"—citing Hollins v. Brierfield Coal & Iron Company, 150 U. S. 371, 14 S. Ct. 127, 37 L. Ed. 1113, and quoting from Mr. Justice Brewer in that case, as follows: "Defenses existing in equity suits may be waived, just as they may in law

actions, and, when waived, the cases stand as though the objection never existed."

In all the authorities cited by plaintiff, the objection was made by defendants to the federal court assuming jurisdiction; but in the case at bar the defendant petitions for the right to submit its cause to this court. The removal statutes create a forum, in addition to that of the state, for the trial of cases between citizens of different states. The law is not changed; simply an additional forum is created.

Defendant being a citizen of another state, and the amount in controversy being in excess of $3,000, exclusive of interest and costs, defendant has the right, under the removal act, to choose the forum of the federal court, and it does not seem possible that plaintiff, whose main action is for the recovery of a money judgment, can, by attaching to his complaint a request for an ancillary proceeding, defeat this right guaranteed to the defendant by the Constitution and statutory laws of the federal government.

Defendant, having chosen the forum of the federal court, certainly cannot be heard to object to the orderly procedure and trial of the cause by that court; nor can he be heard to object to the continuance of the receivership appointed by the state court, on the ground that the federal court has no jurisdiction. Closser v. Strawn (D. C.) 227 F. 139; McGraw v. Mott, supra; Miller v. Williams (C. C. A.) 258 F. 216; Foster, Federal Practice (6th Ed.) vol. 3, p. 3084.

[2] The proceeding for the appointment of a receiver is what is known as a supplementary proceeding, not an original one, and after this court has acquired jurisdiction the ancillary proceeding may be continued. In fact, a receiver appointed in a state court, in a suit afterwards removed to the federal court, remains in possession until removed by the federal court, and he may be required to report to that court. Foster, Federal Practice (6th Ed.) vol. 3, p. 3071.

Plaintiff, having brought his suit for more than $3,000, exclusive of interest and costs, against a citizen of another state, and having joined with his prayer for a money judgment a petition for the appointment of a receiver, and the defendant having petitioned for removal to the federal court on the ground of diversity of citizenship, defendant will be estopped to deny the jurisdiction and power of the federal court to proceed in said cause, and the petition to remand is denied.