## LANSTON v. LANSTON et al.

(Court of Appeals of District of Columbia. Submitted February 13, 1923.
Decided June 4, 1923.)

No. 3866.

Wills ⬠684(3)—Stock dividends part of corpus, and not income, in absence of directions.

Where a testator created a trust of property including corporate stock, and directed the trustee to pay the income thereof to testator's son for his life, without any direction in the will as to whether stock dividends were to be considered as income or as corpus of the trust property, it will be presumed testator intended the corporation's determination, as to whether to distribute its profits in cash or to accumulate them for extension of the business, would be controlling, so that stock dividends representing the accumulations are to be treated as part of the corpus, and not of the income.

Appeal from the Supreme Court of the District of Columbia.

Petition by Ethel V. Lanston against Aubrey Lanston and the American Security & Trust Company, as trustee, to compel the trustee to turn over to petitioner, under the terms of a decree for alimony entitling her to a portion of the income of the trust fund, stock dividends received by the trustee. Petition dismissed, and petitioner appeals. Affirmed.

T. Morris Wampler, of Washington, D. C., for appellant.

Clarence R. Wilson and Paul E. Lesh, both of Washington, D. C., for appellees.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. This is an appeal from the Supreme Court of the District of Columbia. In the will of Tolbert Lanston, duly probated in the Supreme Court of the District, there is a clause bequeathing the residue of his estate to the American Security & Trust Company, its successors and assigns, to be held in trust for the following uses and purposes and none other:

"To take, have and hold the same, invest the same, and from time to time reinvest and keep the same invested, and the net income arising therefrom to pay over to my said son, Aubrey Lanston, for and during his natural life; said payments of income for my said son, Aubrey Lanston, are to be made directly to him, or to his duly appointed attorney to receive the same, but my said son shall not be permitted to anticipate said income, nor shall any assignment of same be recognized from him by the trustee, nor shall the same be liable to attachment or sequestration by reason or on account of any debt or contract of his."

Thereafter, on the 6th day of January, 1914, the Supreme Court of the District, in the case now before us and on proper proceedings, entered a decree in which it was provided:

"That the complainant, Ethel V. Lanston, shall be paid for maintenance as hereinafter set forth, on or about the 1st day of April, 1914, by the American Security & Trust Company, trustee under the will of Tolbert Lanston, deceased,

⬠For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a full three-fifths portion of all moneys then due the said defendant, Aubrey Lanston, under the provisions of said will, on said date, as accrued earnings, dividends, and profits or income from the trust estate held by the said American Security & Trust Company, trustee as aforesaid."

It will be noted that the precise language of the above decree is that the trustee pay to Ethel Lanston a three-fifths portion of all moneys then due Aubrey Lanston as "accrued earnings, dividends, profits, and income" from the trust estate. The decree also provided that payments should be made in the future to the said Ethel of the same proportion of the income received from the trust estate by the trustee, in which said income was referred to as "all net moneys" by it collected from the trust estate; that is, the first part of the decree providing for present payment was for moneys due as accrued earnings, dividends, profits, and income, while the second part was for net moneys only without the qualifying phrase.

The language of the decree might be viewed as not vesting in appellant any right to the stock dividends, but as the question argued has been whether or not stock dividends are income under the will, we dispose of the case on that issue. It appears that at his death Tolbert Lanston owned, and there passed to the hands of the trustee, and are now held by it, shares of the capital stock of the Columbia Hotel Company, a corporation; that during several years subsequent to the probate of the will, and up to and including 1921, the Columbia Hotel Company annually declared from its profits and earnings stock dividends, as well as cash dividends, upon its capital stock, and that the trustee, as one of the holders of its capital stock, received its proportion thereof. It has disposed of the cash dividends as provided in said will and decree, but has retained in its hands, regarded by it to be a part of the principal of said estate, the stock dividends that it has so received.

The petition in this case was brought by Ethel Lanston to compel the trustee to turn over to her under the terms of said decree the stock dividends so received by it. The case was heard upon petition and answer, the relief prayed for denied, and the petition dismissed, from which order of dismissal this appeal was taken.

As stated by appellant's counsel, the sole question is whether or not the stock dividends in question, in view of the provisions of Tolbert Lanston's will, are to be treated as income, and therefore payable to the life tenant, or be regarded as a part of the corpus of the estate, and be held for the remainderman. The appellant argues that under the provisions of Tolbert Lanston's will it is manifest that it was his intention that such stock dividends should be treated as income payable to his son, Aubrey, and that therefore, under the terms of said decree, a three-fifths portion thereof should be turned over to the said Ethel.

It is conceded that there are two different rules relating to this question, one known as the Pennsylvania or American rule, and the other as the Massachusetts rule. Under the former, if applicable, the appellant's contention would doubtless be upheld. In re Estate of Heaton, 89 Vt. 550, 96 Atl. 21, L. R. A. 1916D, 201, and cases cited; Coudon v. Updegraf, 117 Md. 71, 83 Atl. 145. If the Massachusetts

rule be applicable, the stock dividends are not income to be turned over to the life tenant.

In Gibbons v. Mahon, 15 App. D. C. (4 Mackey) 130, 54 Am. Rep. 262, and 136 U. S. 549, 10 Sup. Ct. 1057, 34 L. Ed. 525, a similar question was under consideration, and therein it was held that stock dividends were not to be regarded as income payable to the life tenant, but were a part of the principal of the estate, to be held for the benefit of the remainderman, the cash dividends received thereon, however, to be paid to the life tenant.

It is unnecessary to review the decisions or to quote extensively therefrom. The Massachusetts rule rests primarily upon the principle that, when acting in good faith, a corporation is clothed with power to treat its gains and profits from time to time as income, to be distributed in the form of cash dividends to its stockholders, or as an addition to its capital, to be apportioned among them, and for which stock dividends are issued to them and that the action of the corporation itself with reference to such gains and profits is determinative of the question as to whether, as between the tenant for life and the remainderman, they shall be regarded as income, payable to the former, or as a part of the corpus of the fund, to be held for the latter.

It is obvious that if the stock dividends be regarded as income, and so turned over to the life tenant, he becomes a stockholder in the corporation, and the proportionate share of the corpus of the estate held for the remainderman is correspondingly diminished. In the case of Gibbons v. Mahon, the Supreme Court said respecting the interpretation of a will, as between a life tenant and remainderman:

"In ascertaining the rights of such persons, the intention of the testator, so far as manifested by him, must of course control; but when he has given no special direction upon the question as to what shall be considered principal and what income, he must be presumed to have had in view the lawful power of the corporation over the use and apportionment of its earnings, and to have intended that the determination of that question should depend upon the regular action of the corporation with regard to all its shares."

The views of the Supreme Court in the case of Gibbons v. Mahon, as controlling the issue here, have been considered and in principle reaffirmed. Towne v. Eisner, 245 U. S. 418, 38 Sup. Ct. 158, 62 L. Ed. 372, L. R. A. 1918D, 254; Peabody v. Eisner, 247 U. S. 347, 38 Sup. Ct. 546, 62 L. Ed. 1152; Lynch v. Hornby, 247 U. S. 339, 38 Sup. Ct. 543, 62 L. Ed. 1149; Eisner v. Macomber, 252 U. S. 189, 40 Sup. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570.

We find nothing in the will of Tolbert Lanston that indicates any intention on his part that the provision for the benefit of his son, Aubrey, should be interpreted as giving to him the stock dividends in question, and hence the appellant takes no interest therein under the decree below, and is not entitled thereto.

The judgment below is affirmed, with costs.