## WHITTEMORE et al. v. ÆTNA INS. CO.

(District Court, S. D. Florida, at Tampa.    February 19, 1924.)

**1. Removal of causes ⊚⇒115—Rights of parties to be adjudicated by law governing before removal.**

In a cause removed from a state court, the rights of the parties are to be adjudicated in accordance with the same law which would have determined them in the state court.

**2. Insurance ⊚⇒328(14)—Provision that policy shall be void if foreclosure proceedings are commenced against the property relates to future only.**

A provision of a policy that it shall be void if, with knowledge of the insured, foreclosure proceedings are brought against the insured property, relates only to the future, and the policy is not void because of the pendency of foreclosure proceedings when it was issued, though that fact was not disclosed by insured.

At Law.    Action by E. H. Whittemore and others against the Ætna Insurance Company.    On demurrer by defendant to replication, and demurrer by plaintiffs to plea.    Defendant's demurrer overruled; plaintiffs' demurrer sustained.

Pat C. Whitaker, of Tampa, Fla., for plaintiffs.
Whitaker, Himes & Whitaker, of Tampa, Fla., for defendant.

CLAYTON, District Judge.    The defendant pleads that, after the policy sued on was issued, the plaintiffs procured additional insurance on the property covered by such policy, without an agreement added to or indorsed thereon.    The replication is that just prior to and at the time the additional insurance was obtained, and before the loss, the defendant was informed by the plaintiffs that plaintiffs were causing such additional insurance to be issued; that the defendant consented thereto; and that, although no indorsement was made on said policy, nevertheless the defendant had waived the provision of the policy requiring written indorsement on the policy of agreement for such additional insurance.    To the replication defendant demurs.

On this hearing the defendant admits in its brief that under the laws of Florida the replication is good, but insists that the laws of the state are not controlling upon this court in the consideration of the replication.    It is not disputed that such replication was held good in Eagle Fire Ins. Co. v. Lewallen et al., 56 Fla. 246, 47 South. 947.    The Supreme Court of Florida has declared in Hartford Fire Ins. Co. v. Brown, 60 Fla. 83, 53 South. 838, 839, in the following headnote, which under the Florida statute (section 2977, Rev. Stat. of Fla.) was prepared by the court, that:

*"2. Insurance—Authority of Agent—Waiver of Conditions.*

"The clause in the fire insurance policy placing a limitation upon the power of any officer, agent, or other representative of the insurance company as to the manner of waiver of any provision or condition in the policy may itself be waived.    An insurance company cannot make its local agent the medium through which all the benefits of a policy flow from the insured to it, and then deny that he has authority to represent it when the benefits of the insured are involved."

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] This action was begun in the circuit court of Pinellas county, Fla., and was transferred to this court on the ground of diversity of citizenship. The rights of the parties are to be adjudicated as they would be in the state tribunal, according to the laws of the state. Pritchard v. Norton, 106 U. S. 124, 1 Sup. Ct. 102, 27 L. Ed. 104; 25 Cyc. 748; 13 C. J. 248; Kentucky v. Bassford, 6 Hill (N. Y.) 526; Scudder v. Union Nat. Bank of Chicago, 91 U. S. 406, 23 L. Ed. 245; Sup. Lodge, K. of P., v. Meyer, 198 U. S. 508, 25 Sup. Ct. 754, 49 L. Ed. 1146; Provident S. L. Assurance Society v. Hadley, 102 Fed. 859, 43 C. C. A. 25; Kelly v. Mutual L. Ins. Co. (C. C.) 109 Fed. 58; Society v. Clements, 140 U. S. 226, 11 Sup. Ct. 822, 35 L. Ed. 497; N. W. Mut. L. Ins. Co. v. Elliott (C. C.) 5 Fed. 225; Mutual L. Ins. Co. v. Cohen, 179 U. S. 262, 21 Sup. Ct. 106, 45 L. Ed. 181; Fidelity Mut. Life Ass'n v. Jefford, 107 Fed. 402, 46 C. C. A. 377, 53 L. R. A. 193; Mutual L. Ins. Co. v. Hill, 193 U. S. 551, 24 Sup. Ct. 538, 48 L. Ed. 788. This demurrer to replication is overruled.

[2] The defendant's second plea sets up that the policy sued on stipulates that, unless otherwise provided by agreement indorsed on the policy or added thereto, it should be void if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by the policy by virtue of any mortgage or trust deed, and that with the knowledge of the plaintiffs, the insured, foreclosure proceedings under a mortgage covering the dwelling house in the policy were commenced, and for that reason it is insisted that the policy became void before the destruction of the property by fire. The plea, however, does not state when the foreclosure proceedings were commenced, and it is insisted that, unless the foreclosure proceedings were instituted with the knowledge of the plaintiffs after the issuance of the policy of insurance, which is not alleged, it fails to present a defense to the declaration. In Elliott on Insurance, § 263, p. 256, the author, in speaking of such stipulation in an insurance policy, states that:

"This provision relates only to the future, and therefore the policy is not rendered void by the fact that foreclosure proceedings are pending when the policy is issued, which fact was not disclosed to the insurer."

In Orient Ins. Co. v. Burrus et al. (Ky.) 63 S. W. 453, it is said that:

"A policy providing that it should be void 'if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed,' was not rendered void by the fact that foreclosure proceedings were pending when the policy was issued, though that fact was not disclosed by insured, *the provision quoted having reference only to the future.*" [1]

Construing this plea more strongly against the pleader, it is insufficient; it fails to state a defense to the action, for it is not shown by the plea whether the foreclosure proceedings were pending at the time the policy was issued or afterwards.

Demurrer to this plea is sustained.

[1] Italics supplied.