(District Court, D. Massachusetts. September
8, 1926.)

No. 2474.

1. **Waters and water courses ⚖➝64.—Riparian proprietor may not corrupt stream to substantial injury of lower proprietor.**

No riparian proprietor has the right to use the waters of a natural stream for such purposes or in such manner as will materially corrupt it, to the substantial injury of a lower proprietor.

2. **Waters and water courses ⚖➝75.**

Against continuing wrong, as pollution of stream to injury of lower riparian proprietor, equity will grant relief by injunction.

3. **Equity ⚖➝39(3).**

Court of equity, which acquires jurisdiction to grant equitable relief, may retain it to assess damages ordinarily determinable at law.

4. **Courts ⚖➝262(1)—Defendant cannot avoid enforcement of rights recognized by courts of state as equitable by removal of suit from state into federal court.**

If asserted rights are substantial, and are recognized by the courts of a state as rights of an equitable character, when tested by general principles of equity, a defendant cannot avoid enforcement of such rights by removing the suit from a state to a federal court.

5. **Courts ⚖➝262(1)—Though state cannot enlarge federal equity jurisdiction, substantial rights enforceable in state courts are enforceable in federal court on removal.**

The rule that the Legislature or courts of a state cannot abridge or enlarge the equity jurisdiction of the federal courts does not extend so far as to deny to a party litigating in those courts substantial rights.

6. **Contracts ⚖➝187(4)—Under law of Massachusetts, creditor may maintain suit in equity to compel payment of the debt, which has been assumed by defendant on acquiring all the debtor's assets.**

Under the law of Massachusetts, as established by decision, a creditor may maintain a suit in equity to compel payment of a debt, which has been assumed by a corporation as part consideration for conveyance to it of all the assets of the debtor.

7. **Courts ⚖➝347—Causes of action held properly joined in bill.**

A creditor of a corporation, which has entirely divested itself of its assets, is without an adequate remedy at law, and under equity rule 26 the claim may be joined with another cause of action in a suit in equity against another corporation, which acquired such assets and as part consideration therefore assumed all debts of its predecessor.

In Equity. Suit by the Collins Manufacturing Company against the Wickwire Spencer Steel Company. On motion to dismiss bill. Denied.

See, also, 11 F.(2d) 196.

John P. Kirby, Wm. H. Brooks, and Brooks, Kirby, Keedy & Brooks, all of Springfield, Mass., for plaintiff.

Warner, Stackpole & Bradlee, Marvin C. Taylor, and H. E. Warner, all of Boston, Mass., for defendant.

BREWSTER, District Judge. Plaintiff, a Massachusetts corporation, owns a paper mill on the Chicopee river, in this commonwealth. It brought, in the courts of Massachusetts, a bill in equity to restrain the defendant, a Delaware corporation, from polluting the waters of the river, and to recover damages resulting from the alleged wrongful acts of the defendant. It also, in the same proceeding, seeks to recover damages resulting from a like trespass by the defendant's immediate predecessor in title, the Wickwire Spencer Steel Corporation, a Massachusetts corporation, which, for convenience, will be hereinafter referred to as the "corporation."

The suit was removed to this court. The defendant now moves to dismiss the bill on several grounds, which may be summarized as follows: (1) On the allegations of the bill, the plaintiff does not show a case entitling it to relief in equity; and (2) it has improperly joined two causes of action in one bill.

As to the first objection, I am inclined to think plaintiff's allegations of ultimate facts are somewhat too general, not alone as to the rights asserted, but as to the character of defendant's alleged wrongful acts and the nature and extent of the injury suffered. Nevertheless I am of opinion that defendant should resort to equity rule 20 for a further and better statement, rather than ask this court to dismiss the proceedings on the ground of insufficiency of allegations. To allow the motion on that ground is to hold that the facts alleged and the facts fairly to be inferred therefrom, if established by proof, would not entitle the plaintiff to relief in equity in this court. I am not persuaded that I should so hold. The allegations, in substance and effect, show that the plaintiff is a lower and the defendant is an upper riparian proprietor; that the defendant is maintaining sewers and drains through which it discharges into a tributary of the Chicopee river, and above plaintiff's mills, acids, chemicals, and other contaminating matter in sufficient quantities to seriously impair plaintiff's rights to use the waters of the river.

While the bill does not show the nature or derivation of plaintiff's rights in the

stream, it must be assumed that it enjoys those rights which the common law has conferred upon a riparian owner. If the defendant has any paramount rights, they are matters of defense.

[1] The rights of a riparian proprietor to the use of water flowing through his land are well established and have been frequently defined by the Supreme Judicial Court of the commonwealth of Massachusetts. I need only to refer to the language of two cases. In Stratton v. Mt. Hermon Boys' School, 216 Mass. 83, 103 N. E. 87, 49 L. R. A. (N. S.) 57, Ann. Cas. 1915A, 768, the court states:

"The common-law rights and obligations of riparian owners upon streams are not open to doubt. Although the right to flowing water is incident to the title to land, there is no right of property in such water in the sense that it can be the subject of exclusive appropriation and dominion. The only property interest in it is usufructuary. The right of each riparian owner is to have the natural flow of the stream come to his land, and to make a reasonable and just use of it as it flows through his land, subject, however, to the like right of each upper proprietor to make a reasonable and just use of the water on its course through his land, and subject, further, to the obligation to lower proprietors to permit the water to pass away from his estate unaffected, except by such consequences as follow from reasonable and just use by him."

Mr. Justice Sheldon, in Parker v. American Woolen Co., 195 Mass. 591, 81 N. E. 468, 10 L. R. A. (N. S.) 584, said:

"We regard it, however, as settled that no riparian proprietor has the right to use the waters of a natural stream for such purposes or in such a manner as will materially corrupt it, to the substantial injury of a lower proprietor, or to cast or discharge into it noxious and deleterious substances, which will tend to defile the water and make it unfit for use."

[2] I am unable to rule as a matter of law upon the allegations of the bill that defendant's use was reasonable and lawful, or that it did not unlawfully interfere with a reasonable use by plaintiff. The wrong being a continuing one, equity will grant relief by injunction. This is clearly so in the equity court where this suit was originally brought. Merrifield v. Lombard, 13 Allen (Mass.) 16, 90 Am. Dec. 172; Stratton v. Mt. Hermon Boys' School, supra; Parker v. American Woolen Co., supra. And it is also true of the federal courts. Donovan v. Pennsylvania Co., 199 U. S. 279, 26 S. Ct. 91, 50 L. Ed. 192; Archer v. Greenville Sand, etc., Gravel Co., 233 U. S. 60, 34 S. Ct. 567, 58 L. Ed. 850.

The bill, therefore, states a cause of action cognizable in equity against the defendant for the alleged wrong done by it, since it acquired the property described in the bill from the corporation.

[3] If the suit is properly on the equity side of the court, I take it that under the equity rules the court may retain jurisdiction of the suit for the assessment of damages, although such damages would ordinarily be determinable at law. Equity rule 23; Wright v. Barnard (D. C.) 233 F. 329.

The bill, therefore, must stand, unless the plaintiff has undertaken to join in the same bill a second cause of action, which cannot properly be joined under equity rule 26. This rule provides that a plaintiff may join in one bill as many causes of action, cognizable in equity, as he may have against the defendant. The allegations of the bill pertinent to this inquiry are:

That "the defendant acquired its lands and property in 1924 or early in 1925 from the Wickwire Spencer Steel Corporation, * * * by a reorganization or merger or consolidation of said corporation with the defendant, and by deeds and transfers to the defendant of all real estate and property of the said corporation, including land, buildings, and property" described in the bill. "The consideration of the said reorganization or merger or consolidation and of the deeds and transfers of said real estate and property was the assumption by the defendant of all the indebtedness, obligations, and liabilities of any kind or nature of said corporation, and the defendant assumed obligations of the said corporation to the plaintiff."

That the corporation "within recent years" had enlarged its plant, since which time the quantities of contaminating matter discharged into the stream through conduits maintained by the corporation had increased to such an extent as to "materially interfere with the conduct of the business carried on" by the plaintiff.

The plaintiff asks the court to assess "the damages sustained by the plaintiff by reason of" the chemicals and other contaminating matters which "have heretofore been emptied into and allowed to mingle with the waters of" the river.

As I read this prayer in connection with the allegations, the court is asked in this suit to ascertain and fix the damages sus-

tained by plaintiff resulting from the alleged trespass of the corporation prior to the time of the transfer. This is undoubtedly a separate cause of action, and one for which the plaintiff would now have a remedy at law against the corporation. But the corporation is not a party defendant in these proceedings. The complaint in equity is directed to the defendant, against which the plaintiff asserts certain rights, which it claims are in the nature of equitable rights. If this suit had been instituted originally in the federal courts, I would entertain serious doubts respecting the right of the plaintiff to seek relief on the equity side of the court, at least without first reducing its claim to judgment or establishing it by an action at law. Cates v. Allen, 149 U. S. 451, 13 S. Ct. 883, 977, 37 L. Ed. 804.

[4] But I look upon the asserted rights as substantive equitable rights, and if they are recognized by the courts of Massachusetts as adequate grounds for the interposition of equity, or, in other words, if they are held by the courts of that state to be rights of an equitable character when tested by general principles of equity, this defendant cannot avoid the enforcement of these equitable rights by removing the suit from the state to the federal court. Ex parte McNiel, 13 Wall. 236, 20 L. Ed. 624; Clark v. Smith, 13 Pet. 195, 10 L. Ed. 123; Cowley v. Northern Pacific R. Co., 159 U. S. 569, 16 S. Ct. 127, 40 L. Ed. 263; Colleton Mercantile & Mfg. Co. v. Savannah River Lumber Co. (C. C. A.) 280 F. 358.

[5] I am mindful of the proposition, frequently announced, that the Legislature or the courts of a state cannot abridge or enlarge the equity jurisdiction of the federal courts; but the principle has not been carried so far as to deny to a party litigating in those courts substantial rights. Brine v. Hartford Fire Ins. Co., 96 U. S. 627, 24 L. Ed. 858; Independent District v. Beard (C. C.) 83 F. 5; Mason v. United States, 260 U. S. 545, 43 S. Ct. 200, 67 L. Ed. 396.

[6] We are left, therefore, with the necessity of examining the adjudicated cases in Massachusetts, in order to ascertain whether the equity courts of that commonwealth recognize on general equitable principles a right on the part of a creditor with an unliquidated claim against a debtor to proceed in equity against the debtor's grantee, when, as a consideration for the transfer of all of the debtor's assets, the successor in title has assumed and agreed to pay all the debts and liabilities of the debtor. Forbes v. Thorpe, 209 Mass. 570, 95 N. E. 955, is in point. In that case a suit in equity was brought against a defendant corporation, which had covenanted to assume and pay all the liabilities of a copartnership as part consideration for a transfer of all the partnership assets. The plaintiffs claimed to be creditors of the partners, with an unliquidated claim growing out of certain alleged fraudulent acts of the debtors. The claim had not been established by any proceedings in law. Referring to the defendant's covenant to pay the debts of its predecessors, the court observed that "the obligation thus incurred by the corporation was sweeping and without exception; it was made upon a valuable consideration"; that without some provision for payment of the partnership debts the transfer would have been a fraud upon creditors of the firm. Proceeding to a consideration of the rights of the creditors to pursue their remedy against the corporation, the court had this to say:

"Under these conditions the plaintiffs can maintain a suit in equity to enforce the covenant made for their benefit, although no direct consideration moved from them, and there was no privity of contract between them and the corporation. The defendant corporation has obtained property by virtue of the conveyance, of which the covenant is a part, which in equity and good conscience ought to be held to the satisfaction of the plaintiffs' claim. * * * It is not necessary to determine whether the terms of the conveyance definitely established a trust for the benefit of creditors, which enabled each of them to demand performance, * * * nor whether the partners had an equitable lien upon the partnership assets to the extent of requiring the payment of debts, which creditors may enforce for their own benefit in the name of the partners. * * * The liability of the corporation to the plaintiffs may be worked out in another way. The contract being made by the firm for the benefit of their creditors, the latter may enforce in equity the rights of the copartners to compel the corporation to perform its agreement in this regard. This is a property right not subject to attachment, which can be reached in equity and made available for the benefit of the creditor."

Forbes v. Thorpe, 209 Mass. 570, 95 N. E. 955, leaves little doubt respecting the right of a creditor to proceed in equity to compel the payment of a debt which has been assumed by one acquiring all the assets of a predecessor, nor can there be any

doubt respecting the nature of that right. It is equitable and substantial—a "property right."

[7] The defendant nevertheless urges that the plaintiff may not enforce this right in the federal courts, because it has a plain, adequate, and complete remedy at law. I am ready to agree that, if the plaintiff has such a remedy at law, this court cannot entertain the suit. To do so would be to enlarge the jurisdiction of the court as limited by section 267 of the Judicial Code (36 Stat. at Large, 1163 [Comp. St. § 1244]). I must also agree that plaintiff has a remedy at law against the Massachusetts corporation, but I am not prepared to assent to the proposition that this remedy is adequate or complete. The plaintiff as a creditor of a corporation entirely divested of its assets, would be unable to satisfy any judgment it might obtain against it. The only recourse that offers any promise of results is to the defendant, which has acquired the property, and whose rights to lawfully retain it rest, in part, at least, on its agreement to pay the debts and satisfy the liabilities of the corporation. This remedy is not one a plaintiff can pursue in the law courts. As defendant has pointed out, the plaintiff was not a party to this agreement made for its benefit, and therefore cannot sue for breach of it in an action at law. Tobin v. Central Vermont R. Co., 185 Mass. 337, 70 N. E. 431; German Alliance Ins. Co. v. Home Water Supply Co., 226 U. S. 220, 33 S. Ct. 32, 57 L. Ed. 195, 42 L. R. A. (N. S.) 1000.

Its only remedy, therefore, which is adequate, is the remedy which may be had in equity.

This all leads to the conclusion that plaintiff had joined in one bill two causes of action, both of which are cognizable in equity, and both against this defendant. The bill cannot be dismissed on the ground of misjoinder of complaints.

The defendant has suggested in argument that, in a suit brought to enforce a debtor's agreement with his grantee, on the doctrine of Forbes v. Thorpe, the debtor should be made a party. But there is before me no motion to dismiss for nonjoinder of parties. Whether the Massachusetts corporation is an indispensable party to the suit, and what the effect would be upon the jurisdiction of this court if the corporation were joined, are matters not now before me on the pleadings, and were not considered in the arguments of counsel.

I deny defendant's motion to dismiss, and decree may be entered accordingly.