Christine S. Eastman, Appellant, v. State Bank of Chicago (now Foreman State Trust and Savings Bank) and Eunice Eastman, Appellees.

Gen. No. 34,213.

Heard in the second division of this court for the first district at the April term, 1930. Opinion filed January 27, 1931.

Austin L. Wyman, for appellant.

Gann, Secord & Stead, for appellees; Guy Van Schaick, of counsel.

Mr. Justice Kerner delivered the opinion of the court.

This was a bill by Christine S. Eastman, complainant, against the State Bank of Chicago as trustee, and Eunice Eastman, defendants, to construe a will, involving a trust, seeking an interpretation holding complainant a life tenant entitled to certain stock dividends and to compel the transfer to complainant of 319½ shares of the W. F. Hall Printing Company, held by the State Bank of Chicago as trustee under the will of Calvert S. Eastman. The bill was dismissed for want of equity, the chancellor holding the dividend to be capital and not income, and this appeal followed.

By the will of Calvert S. Eastman the State Bank of Chicago was designated as executor and trustee, and the widow, Christine S. Eastman, was given the entire net income for life, and the remainder, upon her death, to Eunice Eastman, a niece of the testator. No provisions appear in the will with reference to allocation of stock dividends or any other definition of what shall constitute "entire net income." The principal asset of the estate on January 10, 1929, consisted of 6,490 shares of the capital stock of W. F. Hall Printing Company. December 28, 1928, the board of directors of the printing company declared the regular 2½ per cent cash dividend and at the same time the board resolved that a dividend of 5 per cent be declared upon the common stock of the company, payable in shares of the common stock of the company January 31, 1929, the close of the fiscal year, to stockholders of record at the close of business January 10, 1929. There was not in the resolution declaring the stock dividend any other statement by the board of directors as to its intention in declaring such dividend but in announcing the dividend the president of the corporation, by printed notice addressed to the stockholders, and by order of the board of directors, advised the stockholders that upon his recommendation the board of directors have

adopted the policy of paying 5 per cent stock dividend in addition to the usual cash dividend, for any year when the earnings are sufficient to warrant it and the needs of the corporation require the retention by it of an unusual proportion of the earnings; that the business was growing and expanding rapidly, and that the board of directors had considered the probable requirements for financing this growth for the next two or three years and that it would be better to meet these needs by the application of earnings rather than to borrow the necessary funds; that if this was done it would not be possible to pay cash dividends, and that this policy be adhered to until such time as the rate of growth became normal.

Complainant contends that the character and nature of this dividend and the expression of the president of the corporation as to the purpose of the dividend, combined to take this case out of the general rule applicable to stock dividends, and that the will should be construed to direct the payment of the dividend to the complainant, the life tenant.

In determining the rights as between the life tenant and a remainderman, the intention of the testator is the controlling consideration (*Reed v. Head,* 6 Allen [88 Mass.] 174, 178; *Rhode Island Hospital Trust Co. v. Peckham,* 42 R. I. 365); and if he makes a gift of income without defining what he intends the word to mean, or prescribing the method by which the gift is to be determined, he must have had in view the rules adopted by our courts as generally applicable to such cases. (*Mayberry v. Carey* [Mass.], 167 N. E. 281; *Lanston v. Lanston,* 290 Fed. 315; *Gibbons v. Mahon,* 136 U. S. 549.) There is nothing in the will of Calvert S. Eastman that indicates any intention on his part that the provisions for the benefit of the complainant should be interpreted as giving to her the stock dividends in question. The principles of law heretofore applied by our courts in determining whether divi-

dends received by a trustee constitute net income payable to the life beneficiary or capital which belongs to the remainderman are in accord with those followed by the Supreme Court of Massachusetts. (*DeKoven v. Alsop,* 205 Ill. 309; *Blinn v. Gillett,* 208 Ill. 473; *Billings v. Warren,* 216 Ill. 281.) The leading Massachusetts cases are *Minot v. Paine,* 99 Mass. 101; *Leland v. Hayden,* 102 Mass. 542; *Rand v. Hubbell,* 115 Mass. 461; *D'Ooge v. Leeds,* 176 Mass 558; *Lyman v. Pratt,* 183 Mass. 58. Briefly, the rule is that whether a dividend is to be regarded as income, and, as such, property of a life tenant, or as capital belonging to the remainderman, is to be determined by the substance and intent of the action of the corporation. In the declaring of the dividend, it rests primarily upon the principle that, when acting in good faith, a corporation is clothed with power to treat its gains and profits from time to time as income, to be distributed in the form of cash dividends to its stockholders, or as an addition to its capital to be apportioned among them, and for which stock dividends are issued to them and that the action of the corporation itself with reference to such gains and profits is determinative of the question as to whether as between the tenant for life and the remainderman, they shall be regarded as income, or as part of the *corpus.* The *Minot v. Paine* case, *supra,* laid down the general rule that cash dividends, however large, are income, and stock dividends, however made, are capital, which rule was adopted by the Supreme Court of the United States in *Gibbons v. Mahon, supra.* The *DeKoven v. Alsop* case, *supra,* decided that stock dividends belong to the corpus of the estate and are not net income. This rule controls even though the stock dividend be declared out of the earnings accumulated since the inception of the trust. (*Lanston v. Lanston,* 290 Fed. 315; see also *Eisner v. Macomber,* 252 U. S. 189.) In the recent case of *Lloyd v. Lloyd,* 252 Ill. App. 495, 502, we said; "Had the

directors declared a dividend of shares of stock in the Tribune Company there would be no doubt that the dividend would constitute capital.'' We adhere to this statement.

Complainant does not argue against the general application of the rule laid down, but claims that the particular facts of the instant case should be considered, and that in determining the nature of a dividend the substance rather than the form should be considered (*Gray v. Hemenway* [Mass.], 168 N. E. 102), and that there are unusual circumstances in the instant case, which affect the intention of the testator; that the resolution declaring the dividend did not designate it as a stock dividend. In the *Gibbons v. Mahon* case, *supra,* the court said, quoting from *Williams v. Western Union Telegraph Co.,* 93 N. Y. 162:

''When a corporation has a surplus, whether a dividend shall be made, and if made, how much it shall be, and when and where it shall be payable, rest in the fair and honest discretion of the directors uncontrollable by the courts.'' ''Whether they shall be made in cash or property must also rest in the discretion of the directors.'' (p. 565.)

The complainant does not question the good faith of the board of directors of the printing company in declaring that a dividend of 5 per cent be paid in shares of the common stock of the company. We have given consideration to the argument of the complainant but are compelled to the conclusion, as said in the *Lloyd v. Lloyd* case, 341 Ill. 461, 470, that: ''The corporate intent as expressed by resolution is unmistakable, and under all the circumstances here shown that intent must be given effect.''

We are of the opinion that the chancellor did not err in the decree entered and it is affirmed.

*Decree affirmed.*

SCANLAN, P. J., and GRIDLEY, J., concur.