## FORD v. GROCERS' MUT. INS. CO.

No. 6662.

District Court, W. D. Pennsylvania.

Sept. 24, 1931.

Supplemental Opinion Oct. 23, 1931.

Daniel S. Horne, of Pittsburgh, Pa., for plaintiff.

Henry O. & Oliver Evans, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

Plaintiff brought an action in the court of common pleas of Bedford county, Pa., on a fire insurance policy to recover the sum of $4,000, with interest. Defendant, by reason of the diverse citizenship of the parties, had the action removed to this court. Defendant filed an affidavit of defense herein where it set up as new matter, inter alia, that the policy in suit contained the following provisions:

"Appraisal.

"In case the insured and this Company shall fail to agree as to the amount of loss or damage, each shall, on the written demand of either, select a competent and disinterested appraiser. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then on request of the insured or this Company such umpire shall be selected by a judge of a court of record in the state in which the property insured is located. The

appraisers shall then appraise the loss and damage, stating separately sound value and loss or damage to each item; and failing to agree, shall submit their differences only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of sound value and loss or damage. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally. * * *

### "When Loss Payable.

"The amount of loss or damage for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss or damage is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided. * * *

### "Suit.

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, nor unless commenced within twelve months next after the fire."

Defendant averred that the plaintiff, the insured, and the company, the defendant, had failed to agree as to the amount of loss or damage; that it had appointed an appraiser and had made a written demand of plaintiff to select a competent and disinterested appraiser as provided for in the provision of the policy aforesaid; that plaintiff had refused, and still refuses, to comply with said demands of the defendant, and has refused and still refuses, to appoint an appraiser.

The plaintiff, in her reply to the above provisions of the affidavit of defense, admitted them to be true. Defendant moved for judgment for want of a sufficient reply, and contends in support thereof that under the admitted facts aforesaid plaintiff did not have a right to bring this action.

Under the law of Pennsylvania, an appraisal covenant, such as the covenant contained in the policy in suit, is revocable, and the insured may bring an action on the policy without complying with the terms thereof. Rubenstein v. Dixie Fire Insurance Company, 51 Pa. Super. Ct. 447 (1912); Gratz v. Insurance Company of North America, 282 Pa. 224, 127 A. 620 (1925); and Dudzinski v. Great American Insurance Company of New York, 90 Pa. Super. Ct. 540.

Where an action is brought in the federal courts to recover on a policy containing such covenant, the plaintiff must show that he has complied therewith before bringing his action. Hamilton v. Liverpool & London & Globe Insurance Company, 136 U. S. 242, 10 S. Ct. 945, 34 L. Ed. 419, and Commercial Union Assurance Co. v. Dalzell, and London & Lancashire Fire Ins. Co. v. Dalzell, 210 F. 605 (C. C. A. 3, 1914).

What law applies where an action on a policy containing such covenants is brought in a state court and by reason of diversity of citizenship is removed to a federal court? The state law applies. Montgomery's Manual of Federal Jurisdiction and Procedure (3d Ed.) § 277; Whittemore et al. v. Ætna Insurance Co., 296 F. 238, 239 (D. C., S. D. Fla., 1924); Collins Manufacturing Co. v. Wickwire Spencer Steel Co., 14 F.(2d) 871, 873 (D. C., D. Mass., 1926); and Great Southern Life Ins. Co. v. Burwell, 12 F.(2d) 244, 245 (C. C. A. 5, 1926).

In Montgomery's Manual of Federal Jurisdiction and Procedure, § 277, it is stated: "If the plaintiff has asserted rights which are recognized by the state courts, the defendant cannot escape an enforcement thereof by removing the suit to the federal court."

In Whittemore et al. v. Ætna Insurance Co., supra, it is stated: "This action was begun in the circuit court of Pinellas county, Fla., and was transferred to this court on the ground of diversity of citizenship. The rights of the parties are to be adjudicated as they would be in the state tribunal, according to the laws of the state."

In Collins Manufacturing Co. v. Wickwire Spencer Steel Co., supra, which was a suit in equity brought in a state court in Massachusetts, and which was removed to the District Court of the United States therein by reason of diversity of citizenship, the court in its opinion said: "But I look upon the asserted rights as substantive equitable rights, and if they are recognized by the courts of Massachusetts as adequate grounds for the interposition of equity, or, in other words, if they are held by the courts of that state to be rights of an equitable character when tested by general principles of equity, this defendant cannot avoid the enforcement of these equitable rights by removing the suit from the state to the federal court."

In Great Southern Life Ins. Co. v. Burwell, supra, Circuit Judge Foster said: "It must be remembered that this suit was instituted originally in the state court. Citation of authority is hardly required to show that

a litigant cannot be deprived of any substantial rights by removal to the federal court."

Our attention has not been called to any case or authority holding to the contrary.

The motion for judgment for want of a sufficient reply by the plaintiff is refused.

### Supplemental Opinion.

The question involved is, What law applies where an action is brought on a fire insurance policy providing for an appraisement of loss before bringing action thereon, the action having been brought in a Pennsylvania state court and subsequently removed to this court by reason of diversity of citizenship?

In our former opinion we held that under the law as applied by the highest appellate courts in Pennsylvania, such a covenant was revocable, and that action might be brought on such a policy without compliance with the covenant relating to appraisal; that where an action is brought originally in the federal courts the insured must comply with the terms of such a covenant before bringing action, and that where such an action is brought originally in a state court, and is removed to the proper federal court, that the state law applies. In support of this latter proposition we cited as authority three cases, only one of which is directly in point, being the decision of the District Court for the Southern District of Florida, in the case of Whittemore et al. v. Ætna Insurance Co., 296 F. 238. Attention was called to the fact that no citation was cited holding the contrary. Since the filing of that opinion supplementary briefs have been filed by plaintiff and defendant. By reason thereof, it is necessary that the above question be further considered.

The statutory provisions applicable and relating to this question are 28 U. S. C. §§ 72, 81, and 725, sections 29 and 38, Jud. Code, and section 721, R. S. (28 USCA §§ 72, 81, 725).

Section 72 provides, that after a case has been removed and defendant has pleaded to plaintiff's declaration, that "The cause shall then proceed in the same manner as if it had been originally commenced in the said district court."

Section 81 provides: "The district court of the United States shall, in all suits removed under the provisions of this chapter, proceed therein as if the suit had been originally commenced in said district court, and the same proceedings had been taken in such suit in said district court as shall have been had therein in said State court prior to its removal."

Section 725 provides: "The laws of the several States, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

■ Section 725 applies to trials at common law in the United States courts, without regard to whether the action was originally brought therein, or whether it was removed from a state court.

■ The interpretation of the phrase, "The laws of the several states," as made by our Supreme Court in the basic case of Swift v. Tyson, 16 Pet. 1, 18, 10 L. Ed. 865, is: "And we have not now the slightest difficulty in holding, that this section, upon its true intendment and construction, is strictly limited to local statutes and local usages of the character before stated, and does not extend to contracts and other instruments of a commercial nature, the true interpretation and effect whereof are to be sought, not in the decisions of the local tribunals, but in the general principles and doctrines of commercial jurisprudence. Undoubtedly, the decisions of the local tribunals upon such subjects are entitled to, and will receive, the most deliberate attention and respect of this court; but they cannot furnish positive rules, or conclusive authority, by which our own judgments are to be bound up and governed."

■ Section 725 does not extend to insurance contracts. Hamilton v. Liverpool & London & Globe Insurance Company, 136 U. S. 242, 10 S. Ct. 945, 34 L. Ed. 419; Commercial Union Assurance Co. v. Dalzell, and London & Lancashire Fire Ins. Co. v. Dalzell, 210 F. 605 (C. C. A. 3); Hartford Fire Insurance Co. v. Nance, 12 F.(2d) 575 (C. C. A. 6); Home Insurance Company of New York v. Scott, 46 F.(2d) 10 (C. C. A. 6); Bancroft v. Hambly, 94 F. 975 (C. C. A. 9), and Meigs v. London Assurance Company, 126 F. 781 (C. C. Pa.).

In Hartford Fire Insurance Co. v. Nance, 12 F.(2d) 575, 576 (C. C. A. 6), an action was brought on an insurance policy in a state court in Ohio. It was removed by the insurance company to the federal court upon the ground of diversity of citizenship. The court held that whether an insurance contract may be varied by parol evidence for the purpose of asserting estoppel to insurer's defense that policy was vitiated, where insured's interest in property was other than unconditional, is a matter of general jurisprudence, and the

state law of Ohio does not control. The court saying, inter alia: "We think the state law does not control, because neither the validity of the contract nor any statute of the state or local rule of property is involved. The contract was valid under the Ohio law. What we must finally determine is not a matter of validity or interpretation; it is whether the terms of a written contract—where the contract itself prohibits modification except in writing—may be varied by parol evidence for the purpose of asserting estoppel. This, we think, is a matter of general jurisprudence. Carpenter v. Insurance Co., 16 Pet. 495, 10 L. Ed. 1044; Liverpool & G. W. Steam Co. v. Phenix Insurance Co., 129 U. S. 443, 9 S. Ct. 469, 32 L. Ed. 788; Ætna Life Insurance Co. v. Moore, 231 U. S. 543, 34 S. Ct. 186, 58 L. Ed. 356."

In Home Insurance Company of New York v. Scott, 46 F.(2d) 10, 12 (C. C. A. 6), suits were brought in a state court in the state of Ohio to recover loss on insurance policies, and were removed to the appropriate federal court. The defense to the policies was that plaintiff had placed a chattel mortgage on the property in violation of a provision in the policies. The question arose whether the state law, or the law as laid down in prior decisions of the federal courts, should prevail. The court followed its former ruling in the Hartford Fire Insurance Co. v. Nance Case, supra, and held that "the question is not controlled by Ohio law, but is one of general jurisprudence."

In Bancroft v. Hambly, 94 F. 975, 979 (C. C. A. 9), an action was brought on a contract of employment to recover salary for services rendered in a state court, which was removed to the appropriate federal court. The question arose whether the state law would control or not. The court held that it did not apply, saying: "The present case, however, involves the interpretation of a contract not in any way dependent upon the construction of any state law, and, that being so, we are not at liberty to follow the decision of that court construing the contract if such construction does not meet with our approval, but are bound to exercise our independent judgment."

In Meigs v. London Assurance Co., 126 F. 781, 784 (C. C. Pa.), which was an insurance case removed from a court of Pennsylvania to a District Court in this circuit (according to statement of counsel which does not appear in the record of the case), the Pennsylvania and federal rules of law were in conflict. Judge McPherson, speaking for the court, said: "While I regret to differ from the view of this controversy taken by the Supreme Court of Pennsylvania [Meigs v. Insurance Co. of North America, 205 Pa. 378, 54 A. 1053], I am bound by the decisions of the appellate tribunals of the United States. The question is one of general commercial law, upon which the federal courts are at liberty to entertain an independent opinion, and such opinion must furnish the rule for my decision."

In Cain v. Commercial Publishing Co., 232 U. S. 124, at page 131, 34 S. Ct. 284, 286, 58 L. Ed. 534, the court, in stating what it had held in Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517, said: "A suit must be actually pending in a state court before it can be removed, but its removal to the court of the United States does not admit that it was rightfully pending in the state court, or that the defendant could have been compelled to answer therein; but enables the defendant to avail himself in the United States court of any and every defense duly and seasonably reserved and pleaded to the action [page 524 of 156 U. S., 15 S. Ct. 559, 562] ' "in the same manner as if it had been originally commenced in said circuit court." ' "

The court further considered sections 72 and 81 aforesaid, and stated at page 133 of 232 U. S., 34 S. Ct. 284, 287: "In other words, the cause is transferred to the district court as it stands in the state court and the defendant is enabled to avail himself in the latter court of any defenses, and, within the time designated, plead to the action 'in the same manner as if it had been originally commenced in said district court.' "

The weight of the authority seems to be that the federal courts will not apply the state law in a removed case where it would not have done so if the action had been originally brought therein.

The order of this court, filed September 24, 1931, refusing judgment in favor of defendant for want of a sufficient reply by plaintiff to the new matter alleged in the affidavit of defense, is vacated, and the motion of defendant for judgment for want of a sufficient reply is granted, without prejudice to plaintiff to bring another action on the policy sued upon after compliance with the covenant as to appraisal and the other covenants contained therein.